**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLEN C. HUDSPETH,

      Plaintiff-Appellant,

v.

DENVER WATER DEPARTMENT
and CITY AND COUNTY OF
DENVER, a municipal corporation,

      Defendants-Appellees.

No. 97-1180
(D.C. No. 93-B-614)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's grant of summary judgment in favor of defendant. Plaintiff, a black male, brought suit against defendant, claiming that defendant discriminated against him on the basis of both his sex and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and 42 U.S.C. § 1981. Plaintiff responded to a job posting and applied for the position of Revenue Service Supervisor. He and two other applicants, a white female and a Hispanic male, were tested and interviewed for the position. The white female scored higher on both the written test and the oral interview, and defendant hired her to fill the position.

The district court recognized that, because he was a male, plaintiff's claim of discrimination based on his gender was a reverse discrimination claim. It found that plaintiff had failed to establish a prima facie case of sex discrimination, because he did not "establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." Notari v. Denver Water Dep't, 971 F.2d 585, 589 (10th Cir. 1992). Regarding plaintiff's claim of race discrimination, the district court found that plaintiff had established his prima facie case, but that he had failed to show that defendant's stated legitimate nondiscriminatory reason for promoting the white female over plaintiff was pretextual. See McDonnell

Douglas Corp. v. Green, 411 U.S. 792, 802, 804 (1973) (outlining requirements for prima facie case and setting forth burden-shifting analysis).

We review the district court's grant of summary judgment de novo, and we will affirm if "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1531 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). After having reviewed the record, we affirm the district court's order granting defendant's second motion for summary judgment for substantially the same reasons set forth therein.

On appeal, plaintiff argues that the district court erred in applying the modified prima facie case requirements for claims of reverse discrimination, see Notari, 971 F.2d at 589, because he is a black male and is, therefore, entitled to the presumptions accorded to those belonging to a disfavored group. Plaintiff offers no authority in support of this novel proposition, and we have found none. Plaintiff's gender discrimination claim is based on his gender, and he is a member of the historically favored majority with regard to gender. Plaintiff belongs to a disfavored group because of his race, and he is, therefore, entitled to the presumption afforded minorities in the traditional prima facie case requirements regarding his claim that he was discriminated against on account of his race. The two claims, race discrimination and sex discrimination, are separate claims, and

the circumstances that determine the analysis to be applied to each claim do not overlap. Cf. Reynolds, 69 F.3d at 1534 (applying Notari reverse discrimination requirements for prima facie case in case involving race discrimination claim by white female); Sanchez v. Philip Morris Inc., 992 F.2d 244, 248 (10th Cir. 1993) (applying reverse gender discrimination prima facie case analysis to gender discrimination claim of Hispanic male). The district court was correct to apply the modified reverse discrimination analysis to plaintiff's claim of sex discrimination.[1]

The motion to file the addendum under seal is granted. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[1] In his brief on appeal, plaintiff argues that evidence that one of the individuals responsible for the hiring decision had previously made derogatory racial references establishes pretext. Plaintiff did not present that argument to the district court; the district court, therefore, did not address it, and we decline to consider it for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).